# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-144V
**(Not to be published)**

```
* * * * * * * * * * * * * * * * * * * * * * * *
DONNA CALLAWAY,                   *    Special Master Oler
                                  *
            Petitioner,           *    Filed: February 12, 2018
                                  *
      v.                          *    Reasonable Attorneys' Fees and Costs;
                                  *    Reasonable Hourly Rate.
                                  *
SECRETARY OF HEALTH AND           *
HUMAN SERVICES,                   *
                                  *
            Respondent.           *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Edward M. Kraus*, Chicago, IL, for Petitioner.

*Althea Walker Davis*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS [1]

On January 29, 2016, Donna Callaway ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that she suffered from transverse myelitis as a result of an influenza vaccination administered to her on January 30, 2013.  Petition ("Pet."), ECF No. 1.  On July 31, 2017, Special Master Hastings issued a Decision based on both parties' stipulation that a

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

decision be entered granting compensation.  ECF No. 31.  Judgment was entered on August 16, 2017.  ECF No. 33.

On October 16, 2017, Petitioner filed a Motion for Attorneys' Fees and Costs.  Petitioner's Fees Application ("Fees App."), ECF No. 37.  Petitioner requests attorneys' fees in the amount of $35,324.00 and attorneys' costs in the amount of $1,531.02.  *Id*.  Although a General Order No. 9 statement was not formally filed, Petitioner's counsel affirmatively asserted that "Petitioner has not incurred any fees or costs related to the litigation of this case."  *Id*. at 1.

Respondent filed a response to Petitioner's motion on October 18, 2017.  ECF No. 38.  Respondent stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the special master exercise [her] discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

I. **Applicable Legal Standards**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 373 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under this approach, "[t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  That product is then adjusted upward or downward based on other specific findings.  *Id.*

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).  There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

2

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[3]

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. The application for fees and costs must "sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing. *J.W. ex rel. Wilson v. Sec'y of Health & Human Servs.*, No. 15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017). Moreover, counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522.

## II. Discussion

### a. Reasonable Hourly Rate

Petitioner requests the following hourly rates for Attorney Edward Kraus: $389.00 per hour for work performed in 2016 and $398.00 per hour for work performed in 2017. *See generally* Fees App. Petitioner also requests an hourly rate of $318.00 per hour for work performed in 2017 by Attorney Amy Kraus. *Id*. Additionally, Petitioner requests the following hourly rates for Attorney Tara O'Mahoney: $275.00 per hour for work performed in 2016 and $281.00 per hour for work performed in 2017. *Id*. With the exception of the requested rate of

---

[3] This fee schedule is posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

$281.00 per hour for work performed by Ms. O'Mahoney in 2017, Petitioner's counsel and associates have previously been awarded the requested hourly forum rates.[4] *See Jackson v. Sec'y of Health & Human Servs.*, No. 14-1217V, 2017 WL 2243092 (Fed. Cl. Spec. Mstr. Apr. 26, 2017); *see also McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *3 (Fed. Cl. Sept. 1, 2015) (providing a framework for consideration of forum rates for work performed in the Vaccine Program). The undersigned finds the previously awarded hourly rates to be reasonable.

Petitioner proposes that Ms. O'Mahoney's 2017 hourly rate be increased to $281.00, which represents a $6.00 per hour increase from her prior 2016 hourly rate. *See* Fees App. Although Petitioner did not provide information regarding Ms. O'Mahoney's practice as an attorney in support of her proposal to increase Ms. O'Mahoney's hourly rate, it has previously been discussed by a special master that Ms. O'Mahoney began practicing law in July 2012. *See Jackson v. v. Sec'y of Health & Human Servs.*, 2017 WL 2243092, at *3. As such, Ms. O'Mahoney has been practicing law for just over 5.5 years. Under *McCulloch*, and the Office of Special Masters' Fee Schedule for 2017, Ms. O'Mahoney may reasonably receive hourly rates from $230.00 – $307.00.[5] Respondent has raised no objections concerning the amounts requested, and the undersigned finds Ms. O'Mahoney's 2017 rate increase to be reasonable.

Petitioner requests $110.00 per hour for paralegal work performed in 2016. Fees App. Such rates are reasonable as set forth in *McColloch* and the Office of Special Masters' current fee schedule. The undersigned thus finds that $110.00 per hour is reasonable compensation for paralegal work in 2016.

### b. Time Expended

Time expended by Petitioner's counsel and his staff is reasonable. Based on the undersigned's review of the billing entries, and the lack of objection from Respondent, the undersigned will award the attorneys' fees in full.

### c. Reasonable Attorneys' Costs

Petitioner requests a total of $1,531.02 in attorneys' costs. *See* Fees App. The requested costs consist of obtaining medical records, filing the claim, and shipping. Petitioner provided

---

[4] To the undersigned's knowledge, Ms. O'Mahoney was not previously awarded an hourly rate of $281.00 for 2017 by other special masters.

[5] *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

receipts and invoices for such costs. Thus, the undersigned finds Petitioner's requested costs to be reasonable.

### III. Conclusion

Based on the foregoing, **the undersigned awards a lump sum in the amount of $36,855.02**,[6] representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner, Ms. Donna Callaway, and Petitioner's counsel, Mr. Edward Kraus, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.